# Keller | Postman

January 30, 2026

**VIA CM/ECF**

The Honorable Edgardo Ramos
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 619
New York, New York 10007

      Re:    *Pyzel v. Discovery Communications, LLC*, No. 1:25-cv-06398-ER
             Errors in Discovery's Sur-Reply in Further Opposition to Motion to Withdraw

Dear Judge Ramos,

      I write to correct three errors in Discovery's sur-reply in further opposition to Keller Postman's motion to withdraw, ECF No. 46, which failed to address the Federal Rule of Civil Procedure 25(a) issue that Discovery raised as the putative basis for its sur-reply, ECF No. 44.

      *First*, on that issue, Discovery's case, *Unicorn Tales, Inc. v. Banerjee*, 138 F.3d 467 (2d Cir. 1998), does not foreclose the contention, ECF No. 43 at 3–4, that *counsel* for a deceased litigant cannot start the 90-day clock to mandatory dismissal. Instead, *Unicorn Tales* explains that a *non-party*—there, the deceased's wife—can do so. *See* 138 F.3d at 470. But if the Court agrees with Discovery's reading, the families of deceased Plaintiffs Jessica Powers and Justin Singh have already said that they want no further involvement, ECF No. 41 at 2–3, so no prejudice to them would result from a finding that Rule 25(a)'s clock has already started running or that Keller Postman should file formal suggestions of death before withdrawing.

      *Second*, Discovery asserts that Keller Postman "filed this action without informing . . . Plaintiffs that they were commencing a lawsuit in federal court." ECF No. 46 at 1; *see also id.* at 2. That is false. Discovery is in no position to know the contents of privileged attorney-client communications.

      *Third*, Discovery's bald assumptions of bad faith, *see generally* ECF No. 46, elide Keller Postman's explanation of the good faith basis for bringing this action, ECF No. 30 at 13:5–15:21, and that virtually all Plaintiffs dismissed this action voluntarily after Discovery confirmed circumstances in which it would proceed before JAMS. *See* ECF No. 43 at 8 n.2. Baseless assumptions about counsel's motives are no reason to deny the motion, let alone impose sanctions.

                                              Sincerely,

                                              Kiran Bhat (*pro hac vice*)

cc:      Counsel of record (via CM/ECF)