UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| |
|---|
| NICHOLAS PYZEL, *et al.* |
| Plaintiffs, |
| -against- |
| DISCOVERY COMMUNICATIONS, LLC, |
| Defendant. |

25 Civ. 06398 (ER)

**MEMORANDUM OF LAW IN SUPPORT OF KELLER POSTMAN LLC'S UNOPPOSED RENEWED MOTION TO WITHDRAW**

Keller Postman LLC ("Keller Postman") respectfully renews its motion for an order allowing it to withdraw as counsel for deceased Plaintiffs Jessica Powers and Justin Singh. The Court denied Keller Postman's prior motion to withdraw without prejudice and granted leave to file a renewed motion after Keller Postman filed formal suggestions of death. ECF No. 48. Accordingly, Keller Postman filed the formal suggestions of death for Plaintiffs Powers and Singh. ECF Nos. 49, 50. Withdrawal is therefore appropriate under Local Civil Rule 1.4(b). And Defendant Discovery Communications, LLC ("Discovery") does not oppose the requested relief.

**BACKGROUND**

Plaintiffs Powers and Singh, along with thousands of other consumers represented by Keller Postman, filed this declaratory judgment action against Discovery on August 4, 2025. ECF No. 1. Unbeknownst to Plaintiffs' counsel, Plaintiff Powers had passed away on July 21, 2025, and Plaintiff Singh passed away on October 1, 2025. *See* ECF No. 40, Declaration of Kiran N. Bhat ("Bhat Decl.") ¶ 6.

Discovery filed a memorandum of law in support of its Motion to Dismiss or, in the Alternative, to Sever Claims, on December 3, 2025. ECF No. 33. Plaintiffs' counsel first learned

of the possibility that Plaintiffs Powers and Singh had passed away upon reviewing that memorandum, confirmed the deaths, and confirmed that neither deceased plaintiff had a court-appointed estate representative. Bhat Decl. ¶¶ 4–7. Plaintiffs' counsel then reached out to the Powers and Singh families to explain the circumstances. *Id.* ¶ 7.

On December 29, 2025, Rodney Powers, Plaintiff Powers's father, advised Kiran N. Bhat of Keller Postman, through his wife, that the Powers family was not interested in seeking appointment of a representative of Plaintiff Powers's estate or proceeding with this action on behalf of Plaintiff Powers. *Id.* ¶ 8. The next day, Margaret Singh, Plaintiff Singh's wife, advised Kiran N. Bhat of Keller Postman that the Singh family was not interested in seeking appointment of a representative of Plaintiff Singh's estate or proceeding with this action on behalf of Plaintiff Singh. *Id.* ¶ 9. On January 7, 2026, the Court approved the surviving Plaintiffs' voluntary dismissal of this case pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), ECF No. 37, and granted Keller Postman leave to file its original motion without a pre-motion conference. ECF No. 38.

On June 3, 2026, the Court denied Keller Postman's motion to withdraw without prejudice, directed Keller Postman to file formal suggestions of death for Plaintiffs Powers and Singh by June 10, 2026, and granted Keller Postman leave to file a renewed motion to withdraw after filing the suggestions of death. ECF No. 48. In accordance with that Order, Keller Postman filed suggestions of death for Plaintiffs Powers and Singh on June 8, 2026. ECF Nos. 49, 50. Subsequently, Keller Postman and counsel for Discovery conferred about the instant requested relief. Counsel for Discovery indicated that Discovery does not oppose the requested relief.

## ANALYSIS

Local Civil Rule 1.4(b) permits an attorney to withdraw "only by order of the court[,] [and] [s]uch an order may be issued following the filing of a motion to withdraw, and only upon a

2

showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case."

Local Civil Rule1.4(b)'s requirements are satisfied here. First, there are satisfactory reasons for withdrawal. Plaintiffs Powers and Singh are deceased. Neither has a court-appointed estate representative. Bhat Decl. ¶ 7. The known family contacts for each deceased plaintiff have confirmed that they do not wish to seek appointment of a representative of the estate or proceed with this action. *Id.* ¶¶ 8–9. And Keller Postman is not asserting any retaining or charging lien against either deceased plaintiff. *Id.* ¶ 10.

Second, the posture of the case supports withdrawal. The surviving Plaintiffs voluntarily dismissed their claims. ECF No. 37. The only remaining claims are those of the deceased plaintiffs. And no successor or representative has authorized Keller Postman to continue litigating on behalf of either deceased plaintiff. As a result, and pursuant to the Court's June 3, 2026 Order, ECF No. 48, Keller Postman filed the suggestions of death as to the deceased plaintiffs. ECF Nos. 49, 50.

Because Plaintiffs Powers and Singh have passed away, they cannot be served personally with this renewed motion. Before filing the initial motion, however, Keller Postman informed the families of the deceased plaintiffs of the circumstances of the motion and their ability to pursue substitution. Bhat Decl. ¶¶ 8–9. Keller Postman also mailed copies of the suggestions of death and will mail copies of this renewed motion to the family members of the deceased plaintiffs.

Under these circumstances, an order relieving Keller Postman as counsel for deceased Plaintiffs Powers and Singh is appropriate. Discovery does not oppose the requested relief.

3

## CONCLUSION

For the above reasons, counsel for deceased Plaintiffs Jessica Powers and Justin Singh, Keller Postman, respectfully requests the Court issue an order permitting its withdrawal as Plaintiffs Powers's and Singh's counsel in this action.

Dated: June 18, 2026                          Respectfully submitted,

By:  /s/  *Kiran N. Bhat*
       **KELLER POSTMAN LLC**

       John M. Masslon II (Bar No. 5029780)
        *john.masslon@kellerpostman.com*
       Kiran N. Bhat (*pro hac vice*)
        *kiran.bhat@kellerpostman.com*
       1101 Connecticut Ave. NW, Suite 1100
       Washington, D.C. 20036
       Telephone: (202) 968-0239

       *Attorneys for Plaintiffs*

4

## CERTIFICATE OF SERVICE

I certify that on June 18, 2026, I electronically filed the foregoing document via the Court's CM/ECF system, causing electronic service on all counsel of record. I further certify that a copy of the foregoing document was mailed via U.S. Mail to the persons listed below:

Mr. Rodney Powers
3536 Quebec Trail
Wayland, Michigan 49348

Ms. Margaret Singh
277 N Ballston Avenue
Schenectady, New York 12302

By: /s/  *Kiran N. Bhat*
Kiran N. Bhat

*Attorney for Plaintiffs*